```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**CHRISTOPHER KNECHT,**

      **Plaintiff,**

  vs.                                    Civil Action 2:12-cv-124
                                          Judge Graham
                                          Magistrate Judge King

**JOHN KASICH,**

      **Defendant.**

## OPINION AND ORDER

This action against the Governor of the State of Ohio was originally filed by plaintiff, who is proceeding without the assistance of counsel, in the Western Division of this Court. The matter was thereafter transferred to this division pursuant to S.D. Ohio Civ. R. 82.1, *Order*, Doc. No. 2,[1] and randomly assigned to a District Judge and to the undersigned in accordance with Eastern Division Order 91-3(I)(A). The undersigned thereafter granted plaintiff's motion for leave to proceed *in forma pauperis*, Doc. No. 1, and granted defendant forty-five (45) days after service of process to respond to the *Complaint. Order*, Doc. No. 3. This matter is now before the Court on plaintiff's motion to recuse the undersigned. *Plaintiff's Objection to Automatic Appearance of Magistrate Judge Norah King; Objection to Assignment of Magistrate Juge; Objection to Magistrate Judge Norah King's Order Granting Leave to Proceed in Forma Pauperis; Plaintiff's Motion for Recusal/Disqualificaiton of Magistrate Judge Norah King,* Doc. No. 14

---

[1] Plaintiff has filed a petition for a writ of mandamus challenging the transfer of the action to this division. Doc. No. 8.

["*Motion to Recuse*"].[2]

Plaintiff bases his request for the recusal of the undersigned on decisions made and/or the recommendation issued in a previous case filed by plaintiff, *Knecht v. Ohio Adult Parole Authority*, 2:97-cv-736 (S.D. Ohio). Judgment entered in that case by the District Judge,[3] Doc. No. 44, was affirmed in part and reversed in part on appeal, *Knecht v. Ohio Adult Parole Authority*, 215 F.3d 1326, 2000 WL 659030 (6th Cir. May 10, 2000)(unpublished).

Federal law requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). The bias or prejudice that mandates recusal, however, must be wrongful or inappropriate, *i.e.*, either relying on knowledge acquired outside the proceedings or displaying deep-seated and unequivocal antagonism that would render fair judgment impossible. *Liteky v. United States*, 510 U.S. 540 (1994). In this regard, judicial rulings alone almost never constitute a basis for recusal. *Id.; United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). In basing his motion on actions taken in prior litigation, plaintiff has not articulated a valid basis for the recusal of the undersigned.

Plaintiff also complains that "he will spend a good portion of his time regularly submitting objections to various proceedings carried out by" the undersigned, "which doesn't promote the judicial efficiency of the Court much less the time the parties would spend on subjective

---

[2]An identical filing appears at Doc. No. 13. To the extent that plaintiff's filings seek reconsideration of the assignment of the case to the undersigned and reconsideration of the order issued by the undersigned, the motions will be left for consideration by the District Judge.

[3]Plaintiff erroneously asserts that the earlier case was assigned to the same District Judge to which this case has been assigned.

2

issues." *Motion to Recuse*, p. 7.  However, plaintiff's speculation about the future course of these proceedings is simply not a basis for recusal of a judge.

Accordingly, plaintiff's Motion to Recuse, Doc. No. 14, is **DENIED.**


                                            *s/ Norah McCann King*
                                             Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge

February 23, 2012